# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| EASTCO INTERNATIONAL CORPORATION, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | )    No. 09 CV 5400 <br> )    Judge Blanche M. Manning <br> ) |
| COYOTE LOGISTICS, LLC, a limited Liability company, | ) <br> ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Eastco International Corporation shipped a mold used to produce lighting fixtures from its plant in Illinois to Miniature Plastic Molding in Ohio. But the mold never arrived. Eastco has now sued Coyote Logistics, LLC, the company it hired to transport the missing mold, seeking damages under both the Carmack Amendment to the Interstate Commerce Act, *see* 49 U.S.C. § 14706, as well as a state law claim of negligence. Coyote has moved to dismiss the complaint arguing that (1) it hired another company—Vitran Express—to actually transport the mold and therefore only Vitran is liable for the loss, and (2) the complaint fails to allege a basis for Eastco's state law negligence claim. For the following reasons, the motion to dismiss is denied as to the Carmack Amendment claim (Count I) and granted as to the state law negligence claim (Count II).

## BACKGROUND

The following facts are taken from Eastco's amended complaint and exhibits attached thereto, and are accepted as true for purposes of this motion to dismiss. *See County of McHenry v. Ins. Co. of the W.*, 438 F.3d 813, 817 (7th Cir. 2006).

In July 2008, an Eastco employee contacted Coyote to obtain a quote for shipping a four cavity mold to Miniature Plastic Molding in Ohio. Coyote's employee quoted a price of $110.00. Eastco accepted the quote and hired Coyote to ship the mold by completing a Straight Bill of Lading-Short Form that provided the details of the shipment and its destination. The Bill of Lading listed Coyote on the line for the carrier's name. In addition, the Bill of Lading stated that the shipper, Eastco, was familiar with the Bill of Lading and accepted "all of the terms and conditions…including those on the back thereof, set forth in the classification or tariff which governs the transportation of this shipment."[1] Bill of Lading (attached as Ex. A to the First Amended Complaint [1-1]).

Eastco delivered the mold to Coyote for shipping. But Coyote did not ship the mold itself. Instead, it arranged for the mold to be shipped by Vitran Express, even though Coyote had never provided Eastco with a broker agreement that would have alerted Eastco to the fact that Vitran, not Coyote, would ship the mold.

The mold never arrived at its intended destination and has never been found. Upon learning that the mold was lost and that Vitran had been the actual shipper, Eastco made a claim to Vitran for the mold's value. Vitran responded that its liability was limited under a carrier tariff to $10 per pound, and paid Eastco $700. Eastco alleges that Coyote is liable for the remaining $18,300 of the $19,000 cost to replace the lost mold,

---

[1]The Bill of Lading is attached as an exhibit to both the original Verified Complaint as well as the First Amended Complaint. Both versions are illegible. However, Eastco has not disputed the accuracy of Coyote's quotation of terms of the Bill of Lading and therefore, for purposes of resolving the motion to dismiss, the court shall rely on the terms as quoted. To avoid future confusion, Eastco is directed to electronically file a legible copy of the exhibits to its First Amended Complaint, accompanied by a Notice of Filing.

and filed suit in state court under the Carmack Amendment to the Interstate Commerce Act, *see* 49 U.S.C. § 14706, as well as for negligence under state law. Coyote removed the case to federal court and now moves to dismiss Eastco's claims in their entirety.

## STANDARD OF REVIEW

Rule 12(b)(6) permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. To state a claim, the complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court accepts the allegations in the complaint as true, viewing all facts, as well as any inferences reasonably drawn therefrom, in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000).

The Seventh Circuit has recently synthesized the relevant Supreme Court caselaw as follows:

> So, what do we take away from *Twombly*, *Erickson*, and *Iqbal*? First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements.

*Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

Moreover, the Brooks court stated that the "plausibility requirement applies across the board, not just to antitrust cases." *Id*. However, the court should also take into consideration the complexity of the case when addressing whether a complaint alleges sufficient facts. *See Limestone Dev. Corp. v. Village of Lemont, Ill*., 520 F.3d 797, 803 (7th Cir. 2008) (amount of factual allegations required to state a plausible claim "will

depend on the type of case" and "[i]n a complex antitrust or RICO case a fuller set of factual allegations than found in the sample complaints in the civil rules' Appendix of Forms may be necessary"). To be facially plausible, a plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

## ANALYSIS

Coyote moves to dismiss Eastco's amended complaint for several reasons. First, Coyote argues that it is not liable under the Carmack Amendment because that federal statute applies only to carriers and Eastco has failed to plead sufficient facts to support its allegation that Coyote was a motor carrier. Second, Coyote contends that even if it is a carrier, it is not liable because Eastco agreed in the Bill of Lading that Coyote's liability would be subject to the limitation in Vitran's carrier tariff ($10 per pound) and that Vitran has already paid Eastco. Finally, Coyote contends that Eastco has failed to allege a basis for its state law negligence claim.

**I.    Carmack Amendment (Count I)**

**A.    Carmack Amendment Applies Only to Carriers**

The Carmack Amendment to the Interstate Commerce Act provides shippers with the right to recover for losses caused by motor carriers. *See* 49 U.S.C. § 14706; *Allied Tube & Conduit Corp. v. S. Pac. Transp. Co.*, 211 F.3d 367, 369 (7th Cir. 2000). A motor carrier is defined as "a person providing motor vehicle transportation for compensation." 49 U.S.C. § 13102 (14). The Carmack Amendment does not govern persons who serve as brokers rather than carriers. *See Lumbermens Mut. Cas. Co. v. GES Exposition Serv., Inc.*, 303 F. Supp. 2d 920, 921 (N.D. Ill. 2003). A broker is defined as

"a person, other than a motor carrier…that as a principal or agent sells, offers for sale, negotiates for, or holds itself out by solicitation, advertisement, or otherwise as selling, providing, or arranging for, transportation by motor carrier for compensation." 49 U.S.C. § 13102(2) (2008). The Code of Federal Regulations further distinguishes carriers from brokers, and states that "motor carriers…are not brokers within the meaning of this section when they arrange or offer to arrange the transportation of shipments which they are authorized to transport and which they have accepted and legally bound themselves to transport." 49 C.F.R. § 371.2(a).

Coyote argues that it is entitled to dismissal of the Carmack Amendment claim because Eastco "does not properly plead any facts demonstrating or otherwise reasonably inferring that Coyote acted as a carrier or that Eastco understood Coyote to be the carrier." Brief [6-1] at 6. But federal pleading standards require only that Eastco plead enough facts to plausibly suggest its right to relief, and does not require the kind of detailed fact pleading that Coyote contends is lacking. *See* Fed. R. Civ. P. 8(a); *Brooks v. Ross*, 578 F.3d 574 (7th Cir. 2009). Eastco has met its burden by alleging that Coyote was a carrier, was identified on the Bill of Lading as a carrier, took delivery of the mold for shipping, and that Coyote is liable under the Carmack Amendment as a carrier. Moreover, Coyote cannot escape liability under the Carmack Amendment merely because it arranged for Vitran to transport the mold for it. *See* 49 C.F.R. § 371.2(a) (carriers do not become brokers just because they arranged for someone else to transport a shipment they "accepted and [are] legally bound themselves to transport"); *see also Tempel Steel Corp. v. Landstar Inway, Inc.*, 211 F.3d 1029, 1030 (7th Cir. 2000) ("A

shipper may look to its chosen carrier, which then bears the responsibility for seeking compensation from another carrier actually responsible for the loss.")

### B. Limitation of Liability Under Carrier Tariff

Alternatively, Coyote argues that even if it is subject to the Carmack Amendment, it is not liable to Eastco because its liability was limited to what Eastco already recovered from Vitran. Specifically, Coyote contends that the Bill of Lading incorporated the terms of Vitran's carrier tariff, including the tariff's limitation on liability to $10 per pound. In support, Coyote cites the following language from the Bill of Lading:

> Shipper hereby certifies that he is familiar with all of the terms and conditions of said bill of lading including those on the back thereof, set forth in the classification or tariff which governs the transportation of this shipment and the said terms and conditions are hereby agreed to by the Shipper

Bill of Lading (attached as Ex. A to the First Amended Complaint [1-1]).

While that provision does appear to incorporate into the Bill of Lading the terms of the "tariff which governs the transportation of this shipment," the Bill of Lading never identifies what tariff governed the transportation of Eastco's mold. Nor has Coyote cited any other agreement or document that states that the tariff which governs the transportation of the shipment was Vitran's carrier tariff, nor is the tariff attached to the complaint. Accordingly, Coyote's argument that it is entitled to dismissal because limitations in Vitran's carrier tariff were incorporated into the Bill of Lading is unavailing.

### B. Negligence (Count II)

Finally, Coyote seeks to dismiss Eastco's state law negligence claim. In that claim, Eastco alleged that Coyote negligently arranged for the mold to be shipped using

the wrong motor carrier classification, which adversely affected the calculation of damages due under Vitran's carrier tariff.

"The Carmack Amendment generally preempts separate state-law causes of action that a shipper might pursue against a carrier for lost or damaged goods," thereby limiting damages available to those provided under the Amendment. *REI Transp., Inc. v. C.H. Robinson Worldwide, Inc.*, 519 F.3d 693, 697 (7th Cir. 2008). A shipper cannot circumvent this limit by pursuing state law claims for damages unless these claims attempt to remedy a "separate and independently actionable harm." *Id.* at 698.

The only relationship between Coyote and Eastco alleged in the amended complaint is that of shipper and carrier. Nowhere in the amended complaint has Eastco alleged enough for Coyote to determine any other type of relationship or duty upon which a negligence claim could be premised. *See Iqbal*, 129 S. Ct. at 1949 (a complaint must plausibly suggest a basis for liability). Because Eastco has alleged only that Coyote was a carrier, the Carmack Amendment preempts its negligence claim because it arises from the same conduct underlying its Carmack Amendment claim. *See Gordon v. United Van Lines, Inc.*, 130 F.3d 282, 289 (7th Cir. 1997) (noting that the Carmack Amendment preempted state law claim because it was closely related to the Carmack Amendment claim and the damages were likely to be the same); *Ace Motors, Inc. v. Total Transp., Inc.*, No. 08-C-1552, 2009 WL 2031780, at *3 (N.D. Ill. July 10, 2009) (noting that the Carmack Amendment preempted claims for breach of contract and negligence because damages sought for those claims were the same amount as the damaged goods). Accordingly, Eastco's negligence claim is dismissed without prejudice.

## CONCLUSION

For the reasons stated, Coyote's motion to dismiss [5-1] is granted in part and denied in part as follows: the motion to dismiss the Carmack Amendment claim (Count I) is denied, while the motion to dismiss the negligence claim (Count II) is granted without prejudice. Any amended pleading shall be filed no later than January 15, 2009.

ENTER:

DATE: December 18, 2009

_Blanche M. Manning_
Blanche M. Manning
United States District Judge